***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner. The Full Commission affirms the Opinion and Award of the Deputy Commissioner with slight modifications and enters the following Opinion and Award.
 ***********
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. An employee-employer relationship was in effect at all relevant times.
3. At all relevant times, defendant-employer was self-insured for workers' compensation purposes.
4. On December 15, 1997, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer.
5. Plaintiff underwent surgery to his shoulder and has been found to be at maximum medical improvement with permanent partial impairment ratings of 21% to the shoulder, 5% to the neck and 3% to the back.
6. Plaintiff has been released to light duty work with restrictions of no lifting over ten pounds and no overhead use of his left arm. A vocational rehabilitation professional was assigned to assist plaintiff. Plaintiff was not cooperative with vocational efforts and on March 26, 2002, the Commission issued an order directing him to comply with the vocational rehabilitation plan. Plaintiff is currently out of work and receiving temporary total disability compensation.
7. On December 15, 1997, plaintiff earned an average weekly wage of $526.23.
8. The parties stipulated into evidence plaintiff's medical records.
 ***********
Based upon the entire evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing in this matter, plaintiff was 59 year old male with an eleventh grade education and certification as a nursing assistant who began employment with defendant as a nursing assistant on or about June 8, 1987. Plaintiff's primary work history is as a nursing assistant.
2. On December 15, 1997, plaintiff received injury to his shoulder when a psychiatric patient attacked him.
3. Plaintiff was originally treated with Duke University Employee Occupational Health and Wellness Services and subsequently underwent rotator cuff repair by Dr. Andrew Bush on January 18, 1998. On June 29, 1998, Dr. Bush provided plaintiff a permanent partial impairment rating of 21% to the left shoulder. Dr. Bush explained the rating as being 16% due to loss of range of motion and 5% for the surgical procedure. Dr. Bush also released plaintiff to light duty work with restrictions of no lifting over ten pounds and no overhead use of his left arm.
4. A vocational rehabilitation professional was assigned to assist plaintiff. Plaintiff was not cooperative with vocational efforts, and on March 26, 2002, the Commission issued an Order directing plaintiff to comply with the vocational rehabilitation plan.
5. Since March 26, 2002, Ms. Kathleen Rodman, a Vocational Rehabilitation Specialist, has been assigned to assist plaintiff with job seeking activities. Ms. Rodman was of the opinion that plaintiff has not put forth a good faith effort to find employment. Plaintiff has contacted potential employers that Ms. Rodman feels he knew were not hiring and his presentation during interviews was not consistent with the training she provided him.
6. Although Dr. Bush has not treated plaintiff since 1999, he was of the opinion that plaintiff should be able to perform some physical functions and that light duty was appropriate as of the last time he saw plaintiff. Dr. Bush, however, said that he would defer to Dr. Jackson, Dr. Giusto and Dr. Phillips' opinion on plaintiff's current ability to work.
7. Dr. Jackson began treating plaintiff at the onset of his injury while Dr. Giusto began treating him on April 17, 2000 and Dr. Phillips began on April 26, 2000. Plaintiff also participated in a pain management program called TRIPP on November 29, 2000. A modified functional capacity evaluation indicated that plaintiff was capable of returning to sedentary work on a full time basis.
8. On December 20, 2000, Dr. Jackson released plaintiff to sedentary work with restrictions. In a November 13, 2001 letter addressed to "To Whom It May Concern", Dr. Giusto and Dr. Phillips wrote of plaintiff "We strongly believe that he is NOT totally and permanently disabled and that he is indeed capable of work."
9. Drs. Jackson, Giusto and Phillips were given descriptions and physical demands of jobs regularly found within the job market targeted for plaintiff. All three physicians approved the targeted jobs as being within plaintiff's work restrictions and suitable employment for plaintiff, if such employment can be found.
10. Plaintiff's compensable injury of December 15, 1997 has resolved with permanent partial impairment ratings of 21% to the shoulder, 5% to the neck and 3% to the back with work restrictions of no lifting over ten pounds and no overhead use of his left arm.
11. Plaintiff has not shown an inability to work or that he has put forth a reasonable effort to find employment or that he has fully complied with the Commission's March 26, 2002 Order to Comply with vocational rehabilitation efforts.
12. Plaintiff is not totally and permanently disabled.
13. Going forward, the plaintiff would benefit from a vocational rehabilitation program from a Duke facility.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. For a determination of permanent and total disability, plaintiff has the burden of showing that he/she is totally unable to earn pre-injury wage in the same or in any other employment,Burwell v. Winn-Dixie, 114 N.C. App. 69, 441 S.E.2d 145 (1994) and that the incapacity to earn wages was caused by the compensable injury. Hilliard v. Apex Cabinet Company, 305 N.C. 593,290 S.E.2d 682 (1982). This burden can be met by the production of medical evidence of an incapacity to work, or evidence of failed reasonable efforts to obtain employment, or evidence that efforts to obtain employment would be futile due to age, experience and education. Russell v. Lowes Product Distribution,108 N.C. App. 762, 425 S.E.2d 454 (1193). Plaintiff has failed to meet his burden of proof. The evidence presented is insufficient to show that plaintiff is permanently and totally incapable of working, therefore, his request for a declaration of permanent and total disability is DENIED.
2. Plaintiff is entitled to, and would benefit from, vocational rehabilitation treatment from a Duke facility. N.C. Gen. Stat. §97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Defendant shall continue to pay plaintiff temporary total disability compensation until such time as plaintiff returns to work or until otherwise ordered by the Commission.
2. Defendant shall provide and plaintiff is ordered to cooperate fully and comply with a reasonable vocational program from a Duke facility designed to assist in his job-seeking efforts.
3. A reasonable attorney's fee of 25% of the compensation due plaintiff under Paragraph 1 of this Award is approved for plaintiff's counsel and shall be paid directly by defendant to plaintiff's counsel in the form of every fourth compensation payment due plaintiff.
4. Defendant shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER